# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Carl Tony White,              )<br>                               )<br>            Plaintiff,        )<br>                               )<br>     v.                        )<br>                               )<br>                               )<br>Andrew M. Saul, Commissioner of Social  )<br>Security Administration,       )<br>                               )<br>            Defendant.         )<br>_____) | Civil Action No.: 2:19-cv-01194-JMC<br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on June 26, 2020. (ECF No. 20.) The Report addresses Plaintiff Carl Tony White's ("Plaintiff") claim for Supplemental Security Income ("SSI") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 15.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-11.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for SSI. (ECF No. 9-2 at 20.) Although the ALJ found Plaintiff has medically determinable impairments, including a "history of a fracture of the left tibia and fibula status post[-]surgical repair with no indication of complications; a history of Fournier's gangrene; hypertension; and a history of alcohol abuse," the ALJ concluded at step two that none of

1

Plaintiff's impairments were severe. (*Id.* at 15.) Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 1.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on April 25, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded because the ALJ's conclusion that Plaintiff had no severe impairments was unsupported by substantial evidence. (ECF No. 20 at 11.) Specifically, the Report found Plaintiff's gangrene had more than a "minimal effect" on his ability to work, and the medical record in fact supported Plaintiff's alleged limitations stemming from gangrene.[1] (*Id.*) The Report similarly observed the ALJ did not adequately explain "how Plaintiff's [leg] fracture" amounted to only a "minimal effect" on Plaintiff's work ability. (*Id.* at 12.) Moreover, while the Report noted the ALJ properly disregarded Plaintiff's claim that he required a cane to walk, the Report nonetheless emphasized the ALJ "did not otherwise explain how she discounted Plaintiff's . . . subjective statements regarding his general difficulty standing and lifting due to his fracture." (*Id.* at 13.) The Report then added that the assessment of severe impairments at "step [two] is typically not a difficult hurdle for the claimant to clear." (*Id.* at 14 (internal marks omitted) (citing *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 474 n.1 (4th Cir. 1999); *Gaines v. Colvin*, No. 0:14-cv-3363-PJG,

---

[1] Plaintiff's alleged limitations due to Fournier's gangrene include that "(1) he can't sit down a long time; (2) he has problems with leakage . . . when he stands and has been referred to a specialist to attempt to treat this issue; and (3) any heavy lifting would cause the opening in his skin to tear." (ECF No. 20 at 11 (citation and internal marks omitted).) The Report notes that Fournier's gangrene is an infection of the genitalia. (*Id.* at 6 fn. 1.)

2

2016 WL 680537, at *5 (D.S.C. Feb. 19, 2016); *Killian v. Colvin*, No. 8:12-cv-921-MGL, 2013 WL 4853879, at *12 (D.S.C. Sept. 10, 2013)).)

Ultimately, the Report concluded the case should be remanded with instructions that the ALJ continue her evaluation of Plaintiff's alleged disability beyond the assessment of severe impairments at step two. (ECF No. 20 at 14-15.)

On June 26, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 17.) On June 30, 2020, the Commissioner informed the court he would not offer objections. (ECF No. 21.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment

3

of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 20 at 6-16.) The Commissioner notified the Court he will not file objections (ECF No. 21) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 18, 2020
Columbia, South Carolina